IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PROVIDENCE HOSPITAL OF NORTH HOUSTON LLC, | § | CASE NO. 20-34238 |
| | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |
| | § | |
| ALLISON D. BYMAN, CHAPTER 7 TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | ADV. PRO. NO. _____ |
| v. | § | |
| | § | |
| RRL CAPITAL INVESTMENTS, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY, AND EXTENT OF SECURED STATUS UNDER 11 U.S.C. § 506 AND FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

Plaintiff Allison D. Byman, in her capacity as the chapter 7 trustee of the above-referenced bankruptcy case (the "Plaintiff" or the "Trustee"), by and through her undersigned counsel, hereby files this *Original Complaint to Determine the Validity, Priority, and Extent of Secured Status Under 11 U.S.C. § 506 and for Willful Violation of the Automatic Stay Under 11 U.S.C. § 362* (the "Complaint") against Defendant RRL Capital Investments, LLC (the "Defendant" or "RRL"). In support of this Complaint, Plaintiff would respectfully show the Court as follows:

### I. INTRODUCTION

1. This adversary proceeding is brought to disallow or invalidate the alleged lien described in RRL's *Notice of Perfected Security Interest in Debtor's Personal Property* (the

"Notice") [Case No. 20-34238, Docket No. 76] and asserted against the estate of Providence Hospital of North Houston, LLC ("Providence" or the "Debtor").  The Debtor was indebted to Independent Bank (the "Bank") under two loan agreements prior to its bankruptcy filing.  The Loans (defined below) were subsequently paid in full.  RRL claims that the Bank's interest in the Loans was assigned to RRL prior to any loan payoff.  However, the documents made available to the Trustee, and the Rule 2004 testimony of RRL, suggest otherwise.  Specifically, the documents reflect that the Loans were paid in full on October 29, 2020, but the purported assignments did not take place until a year and half later—April 15, 2022.  The assignments specifically recite that the Bank was only assigning its interest in the Loans as of the date the assignments were executed—April 15, 2022.  In addition, RRL alleges that it entered into a separate transaction with a related entity to fund its purchase of the Loan, and RRL's corporate representative testified at a Rule 2004 examination that RRL was not seeking repayment of the Loans from the Debtor's estate.  Accordingly, this Complaint seeks a judgment from this Court declaring the amount, validity, and characterization of RRL's lien, if any, in the assets of the Debtor.

2. This action also seeks actual damages against RRL arising from RRL's willful violation of the automatic stay for (i) sending a cease-and-desist letter to counsel for the Trustee, dated March 28, 2022 (the "Letter") on the eve of depositions and mediation in a related adversary proceeding and (ii) filing the Notice without a proper basis.  As a result of the stay violation, the Trustee further seeks an award of her actual damages including, but not limited to, all attorneys' fees and costs incurred by the Debtor's estate in responding to the Letter and the Notice and bringing this action.

## II.     PARTIES

3.      Plaintiff Allison D. Byman was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate (the "Estate") in the above-styled bankruptcy case ("Case" or "Bankruptcy Case") on September 22, 2020.

4.      Defendant RRL Capital Investments, LLC is a limited liability company organized and existing under the laws of the State of Texas.  Defendant may be served *via* its registered agent, Ravishankar Mallapuram, at 13605 Summer Cloud Lane, Pearland, Texas 77584.

## III.    JURISDICTION AND VENUE

5.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

6.      This adversary proceeding is a core proceeding to be heard and determined by the Bankruptcy Court under 28 U.S.C. § 157(b)(2)(A), (B), & (K).

7.      To the extent that any matter herein is non-core, the Trustee hereby consents to the Court's entry of a final judgment resolving this Adversary Proceeding.

8.      Venue for this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      This adversary proceeding is commenced pursuant to Rule 3007(b) and 7001(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 362(k) and 506 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

## IV.    FACTUAL BACKGROUND

10.     On August 22, 2020 (the "Petition Date"), Providence filed a voluntary petition under chapter 7 of the Bankruptcy Code, thereby commencing the Bankruptcy Case.

11.     Plaintiff Allison D. Byman was subsequently appointed as the Chapter 7 Trustee.

12. On October 1, 2020, the Trustee held and concluded the Debtor's statutory first meeting of creditors and filed her *Notice of Assets, Notice to Creditors and Other Parties in Interest of the Need to File Claims* and thereby established a deadline of January 4, 2021 to file proofs of claim (the "Bar Date"). [Case No. 20-34238, Docket No. 38]

13. Neither the Bank nor RRL has filed a proof of claim in the Bankruptcy Case to date.

A.  **The Loan Agreements**

   i.  *The First Loan*

14. Prior to the Petition Date, on or about November 20, 2015, the Debtor entered into that certain *Promissory Note*, *Deed of Trust*, *Security Agreement*, and *Letter Loan Agreement* (collectively, the "First Loan") with the Bank pursuant to which the Bank provided financing in the total amount of $6,673,000.00. In conjunction with the First Loan, the Debtor pledged certain of its assets to the Bank as collateral.

15. On December 1, 2015, the Bank filed a UCC-1 Financing Statement, File No. 15-0037788594, related to the First Loan, with the Texas Secretary of State's office (the "First Loan UCC-1").

16. On September 4, 2020, the Bank filed a continuation statement of the First Loan UCC-1 with the Texas Secretary of State's office on September 4, 2020 (the "Continuation Statement").

   ii.  *The Second Loan*

17. On or about June 23, 2016, the Debtor entered into that certain *Revolving Working Capital Note*, *Deed of Trust*, *Security Agreement*, *Letter Loan Agreement*, and *Collateral Assignment of Rents and Leases* (collectively, the "Second Loan" and together with the First Loan, the "Loans") with the Bank pursuant to which the Bank provided financing in the total amount of

$2,800,000.00. In conjunction with the Second Loan, the Debtor pledged certain of its assets to the Bank as collateral.

18. On June 30, 2016, the Bank filed a UCC-1 Financing Statement, File No. 16-0021670457, related to the Second Loan, with the Texas Secretary of State's office (the "Second Loan UCC-1").

### iii. Payoff of the Loans

19. On October 29, 2020, the Loans were paid off in full when RRL made payment in the aggregate amount of $4,167,274.16 to the Bank on account of the total outstanding balance under the Loans.

20. Upon information and belief, Doctors Hospital 1997 LP d/b/a United Memorial Medical Center ("UMMC") loaned Ravishanker Mallapuram and Syed Mohiuddin a total of $5,400,000.00, and Mallapuram and Mohiuddin then used the loan proceeds to fund RRL and pay off the Loans.

21. Simultaneously, RRL entered into a separate loan agreement with Medical Village III LLC whereby Medical Village III LLC agreed to pay RRL a total amount of $7,191,818.54.

22. Medical Village III LLC has made no payments on account of its loan obligations to RRL to date.

23. Similarly, Mallapuram and Mohiuddin have made no payments on account of their loan obligation to UMMC to date.

24. On December 17, 2020, the Bank terminated its Second Loan UCC-1 by filing a termination statement with the Texas Secretary of State's office (the "Second Loan Termination Statement").

25. Upon information and belief, the Bank has not terminated its First Loan UCC-1 due to mistake or inadvertence.

      *iv.*      **RRL's Claim Against the Estate**

26. On March 28, 2022, RRL sent the Letter to counsel for the Trustee and demanded that the Trustee cease and desist all actions in the adversary proceeding pending before this Court, styled as: *Allison D. Byman, Chapter 7 Trustee v. Doctors Hospital 1997 LP d/b/a United Memorial Medical Center*, Adv. Pro. No. 21-03426 (the "UMMC Adversary Proceeding"), until RRL brought an action to enforce its rights as a secured creditor holding a first priority lien.

27. There exists common ownership between RRL, Medical Village III LLC, and UMMC.

28. To date, RRL has not brought any action to enforce its alleged rights as a secured creditor holding a first priority lien in the assets of the Debtor.

29. Instead, on May 16, 2022, RRL filed its Notice in the Bankruptcy Case asserting that RRL (i) acquired the Bank's interest in the Loans, (ii) held an interest in the Debtor's cash collateral, and (iii) did not consent to the continued use of the Debtor's cash collateral.

30. According to RRL, on October 29, 2020, the Bank sold, assigned, and transferred its interest in the Loans to RRL as part of a transaction where additional credit was extended by the Bank to entities under common ownership with RRL, and in exchange, RRL paid off the balance on the Loans. However, the Bank did not execute the two Assignments of Notes and Liens (the "Assignments") until April 15, 2022, approximately a year and a half after the Loans were paid off and 18 days *after* RRL sent the Trustee the Letter ordering her to cease and desist in her collection efforts against a related entity, UMMC, in the UMMC Adversary Proceeding. The Assignments specifically recite, in relevant part, that:

    a.    The Note, Liens and the Security Instruments have not been assigned or hypothecated in any manner, except for this assignment to Assignee;

    b.    There is no balance due and owing on the Note as of the date hereof as the Note has been paid in full; and

      c.      Executed on the date(s) acknowledged below to be effective April 15th, 2022.

    31.    On June 6, 2022, the Trustee filed her *Response to Notice of Perfected Security Interest in Debtor's Personal Property* ("Response") [Case No. 20-34238, Docket No. 79]. The Trustee's Response indicates that the Bank held no interest in the Loans on April 15, 2022, the effective date of the Assignments, because the Loans were paid off on October 29, 2020. Thus, the Assignments conveyed no interest in the Loans or the collateral purportedly secured by the Loans to RRL.

    32.    On August 23, 2022, this Court held a hearing on the Notice and entered no relief on account of the Notice following RRL's withdrawal of its objection to the Trustee's use of cash collateral.

## V.    CAUSES OF ACTION

**A.    Count I – Declaratory Judgment to Determine the Validity, Priority, and Extent of RRL's Secured Status – 28 U.S.C. § 2201.**

    33.    The Trustee incorporates by reference each of the allegations contained in Paragraphs 1 through 32 above as if fully set forth herein.

    34.    Pursuant to the Federal Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of an interest party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.

    35.    RRL asserts that it has a valid and enforceable lien secured by the assets of the Debtor by virtue of the Assignments and the Loans.

36. However, based on the documents and information made available to the Trustee, along with the Rule 2004 testimony of RRL's corporate representative, the underlying indebtedness was paid off prior to the Assignments, and as such, no lien(s) exists on account of the Loans.

37. Based on the foregoing, an actual controversy exists under 28 U.S.C. § 2201.

38. The Trustee is therefore entitled to a declaratory judgment of the rights and other legal relations as between the Debtor's Estate and RRL.

39. Plaintiff seeks a judgment from this Court declaring the amount, validity, priority, and/or extent of RRL's secured interest, if any, in any property of the Debtor and/or the Estate. Specifically, the Plaintiff seeks a judgment from this Court declaring that neither Providence nor the Estate owes any amount to the Bank or RRL, and that neither the Bank nor RRL have a valid security interest in any property of the Debtor and/or the Estate.

40. A declaration as to the above-listed matters will put an end to the controversy. Accordingly, the controversy is ripe for determination.

**B.    Count II – Willful Violation of the Automatic Stay – 11 U.S.C. § 362(k).**

41. The Trustee incorporates by reference each of the allegations contained in Paragraphs 1 through 40 above as if fully set forth herein.

42. RRL had actual knowledge of Debtor's pending Bankruptcy Case and that the automatic stay was in effect at the time RRL sent the Letter to the Trustee and filed the Notice.

43. RRL's actions in sending the Letter, demanding that the Trustee cease and desist from prosecuting an action belonging to the Debtor's Estate and its assertion of a lien in the Debtor's assets, despite the fact that the underlying Loans were paid off on October 29, 2020, violates the automatic stay under 11 U.S.C. § 362(a)(3).

44. Moreover, RRL's assertion of a valid lien as reflected in the Notice also violates the automatic stay because the indebtedness underlying the Loans was paid in full approximately a year and a half prior to the Bank's execution of the Assignments.

45. Further, the timing of RRL Letter and the Rule 2004 testimony of RRL's principal suggest that RRL asserted its purported lien for the sole purpose of leverage in pending litigation in a related adversary proceeding.

46. RRL's acts constitute willful violations of the automatic stay. RRL knew the automatic stay was applicable to the Debtor, RRL's actions were intentional, and the acts alleged herein violated the provisions and purposes of the automatic stay and the Bankruptcy Code.

47. The Debtor's Estate has been injured by and has incurred actual damages as a result of RRL's violations of the automatic stay.

48. In addition, the Trustee engaged undersigned counsel to, among other things, respond to the Letter and the Notice and pursue this declaratory judgment action. Pursuant to section 362(k) of the Bankruptcy Code, the Trustee is also entitled to an award of all reasonable and necessary attorneys' fees and costs incurred investigating and responding to the Letter and Notice and bringing this action for a declaratory judgment.

## VI. RELIEF REQUESTED

WHEREFORE, the Trustee respectfully requests:

i. Entry of a final judgment against Defendant on all claims and finding and declaring that:

1. The liens held by the Bank were extinguished upon satisfaction of the Loans on October 29, 2020;

  2. The purported assignment of the Loans and related liens from the Bank to RRL on April 15, 2022, was invalid and ineffective due to the prior satisfaction of the Loans;

  3. The lien(s) asserted by RRL against property of the Estate are invalid and RRL holds no claims against the Debtor or the Estate;

  4. RRL's actions arise to the level of a willful violation of the automatic stay and the Trustee is entitled to her actual damages as a result of RRL's willful stay violation, plus all reasonable and necessary attorneys' fees as permitted under applicable law; and

ii. Such other relief as the Court may deem just and proper.

DATED: December 1, 2022.

         Respectfully submitted,

         HUSCH BLACKWELL LLP

           Timothy A. Million
           State Bar No. 24051055
           Randall A. Rios
           State Bar No. 16935865
           Chase Tower
           600 Travis Street, Suite 2350
           Houston, Texas 77002
           Tel: 713-647-6800
           Fax: 713-647-6884

         -AND-

By: */s/ Jameson J. Watts*
    Jameson J. Watts
    State Bar No. 24079552
    111 Congress Avenue, Suite 1400
    Austin, Texas 78701
    Tel: (512) 472-5456
    Fax: (512) 479-1101
    jameson.watts@huschblackwell.com

-AND-

Ryan A. Burgett
Tennessee Bar No. 33641
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Tel: (423) 266-5500
Fax: (423) 266-5499
Ryan.Burgett@huschblackwell.com

ATTORNEYS FOR ALLISON D. BYMAN, CHAPTER 7 TRUSTEE