IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| PROVIDENCE HOSPITAL OF NORTH HOUSTON LLC, | § § § § | CASE NO. 20-34238 |
| | § | Chapter 7 |
| Debtor. | § § § § | |
| ALLISON D. BYMAN, CHAPTER 7 TRUSTEE, | § § § § | |
| Plaintiff, | § § | ADV. PRO. NO. 22-03330 |
| v. | § § | |
| RRL CAPITAL INVESTMENTS, LLC, | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiff Allison D. Byman, in her capacity as the Chapter 7 Trustee of the above-referenced case ("Plaintiff" or the "Trustee") serves her initial disclosures pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(a)(1).

The following disclosures are made based on the information reasonably available to the Trustee as of the date hereof. By making these disclosures, the Trustee does not represent that she is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Nor does the Trustee waive her right to object to production of any document or tangible thing disclosed herein on the basis of any privilege, the work-product doctrine, relevancy, undue burden, or any other valid objection or to object to the introduction into evidence of any such document or tangible thing. The Trustee's disclosures represent a good faith effort to identify information she

reasonably believes may be used to support her claims or defenses, unless solely for impeachment, as required by Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedures 26(a)(1).

The Trustee's disclosures are made without in any way waiving: (1) the right to object on the grounds of authenticity, competency, privilege, relevancy and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All of the disclosures set forth below are made subject to the above objections and qualifications:

**(i)** **The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that The Trustee may use to support her claims or defenses, unless solely for impeachment:**

| Name | Subject of Discoverable Information | Contact Information |
|---|---|---|
| Corporate Representative and/or records custodian for Debtor Providence Hospital of North Houston LLC (the "Debtor") | The factual bases of the Trustee's claims, including but not limited to (1) the Debtor's loans (the "Loans") with the Bank; (2) RRL's payoff of the Loans; (3) the purported transfer and assignment of the Bank's interest in the Loans to RRL; (3) RRL's actions to enforce its purported interest in the Loans; and (5) facts supporting the estate's alleged damages. | c/o Ronald J. Sommers<br>Nathan Sommers Jacobs<br>2800 Post Oak Blvd., 61st Floor<br>Houston, TX 77056<br>(713) 960-0303 |
| Corporate Representative and/or records custodian for RRL Capital Investments, LLC ("RRL"), Defendant | The factual bases of the Trustee's claims, including but not limited to (1) the Debtor's Loans with the Bank; (2) RRL's payoff of the Loans; (3) the purported transfer and assignment of the Bank's interest in the Loans to RRL; (3) RRL's actions to enforce its purported interest in the Loans; and (5) facts supporting the estate's alleged damages. | c/o William P. Haddock<br>Pendergraft & Simon LLP<br>2777 Allen Parkway<br>Suite 800<br>Houston, Texas 77019<br>(713) 528-8555 |

HB: 4868-9680-8782.2

| | | |
|---|---|---|
| Corporate Representative and/or records custodian for Independent Bank (the "Bank") | The factual bases of the Trustee's claims, including but not limited to (1) the Debtor's Loans with the Bank; (2) RRL's payoff of the Loans; (3) the purported transfer and assignment of the Bank's interest in the Loans to RRL; (3) RRL's actions to enforce its purported interest in the Loans; and (5) facts supporting the estate's alleged damages. | c/o Josh M. Harrison Goodwin & Harrison, LLP PO Box 8278 The Woodlands, TX 77387 (281) 363-3136 |
| The Trustee | The factual bases of the Trustee's claims, including but not limited to (1) the Debtor's Loans with the Bank; (2) RRL's payoff of the Loans; (3) the purported transfer and assignment of the Bank's interest in the Loans to RRL; (3) RRL's actions to enforce its purported interest in the Loans; and (5) facts supporting the estate's alleged damages. | c/o Jameson J. Watts HUSCH BLACKWELL LLP 111 Congress Ave., Suite 1400 Austin, Texas 78701 (512) 472-5456 |

The Trustee further discloses any person or entity disclosed by any other party to this action as having knowledge of discoverable information. The Trustee reserves the right to supplement this information upon further investigation and/or review of their regularly kept business records.

**(ii)    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the Trustee has in her possession, custody, or control and may use to support her claims or defenses, unless solely for impeachment:**

The following documents, data compilations, and tangible things in the Trustee's possession, custody or control may be relevant to the issues raised by the claims asserted in the above-captioned proceeding or may be relied upon or introduced into evidence: (1) the Loans and other documents reflecting the Bank's security interest in the Loans, (2) bank records reflecting the payoff of the balance of the Loans, (3) the agreements purporting to assign and transfer the Bank's interest in the Loans to RRL, and (4) the cease and desist letter sent to the Trustee by counsel for RRL, all of which are attached to Plaintiff's Original Complaint [Docket No. 1]. The Trustee discloses all documents, electronically stored information, and tangible things disclosed by any other party to this action.

HB: 4868-9680-8782.2

At this time, the Trustee is not producing any documents with her initial disclosures but will supplement this disclosure. The Trustee further reserves the right to supplement the foregoing list if additional relevant documents are identified.

**(iii)** **A computation of any category of damages claimed by Plaintiff – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including material bearing on the nature and extent of injuries suffered.**

The Trustee seeks to recover her actual damages arising from RRL's willful violation of the automatic stay, including the Trustee's attorneys' fees, expenses, and costs incurred in this action and the main bankruptcy case. The Trustee reserves the right to amend her disclosures if additional damages or attorneys' fees are sought at a later date.

**(iv)** **For inspection and copying as under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

The Trustee will produce any insurance agreement to the extent one is applicable.

Dated:  February 14, 2023

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Jameson J. Watts
    Timothy A. Million
    State Bar No. 24051055
    Randall A. Rios
    State Bar No. 16935865
    Chase Tower
    600 Travis Street, Suite 2350
    Houston, Texas  77002
    Tel:  713-647-6800
    Fax:  713-647-6884
    Tim.million@huschblackwell.com
    Randy.rios@huschblackwell.com

    -AND-

Jameson J. Watts
State Bar No. 24079552
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
jameson.watts@huschblackwell.com

-AND-

Ryan A. Burgett
Tennessee Bar No. 33641
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee  37402
Tel: (423) 266-5500
Fax: (423) 266-5499
Ryan.Burgett@huschblackwell.com

**COUNSEL FOR PLAINTIFF ALLISON D. BYMAN, CHAPTER 7 TRUSTEE**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2023, a true and correct copy of the foregoing pleading is being served *via* electronic mail to:

Leonard H. Simon
William P. Haddock
Pendergraft & Simon, LLP
2777 Allen Parkway, Suite 800
Houston, Texas 77019
Email: lsimon@pendergraftsimon.com
Email: whaddock@pendergraftsimon.com

/s/ Jameson J. Watts
Jameson J. Watts

HB: 4868-9680-8782.2